IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02033-WYD-CBS

DAVID JACKSON,
    Plaintiff,
v.

VERA JACKSON,
    Defendant.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Jackson's "Motion for Clarification and Review of Case Pursuant to FRCP 15(a)(b)(c)(d) [sic]" (filed January 4, 2006) (doc. # 17); (2) Jackson's "Motion to recuse all Magistrate Judges and all previous Justice, Judge pursuant to title 28 § 455 and FRCP Rule 73 and heard before district judge 'only' [sic] . . . ." (filed December 21, 2006) (doc. # 14); and (3) Jackson's second "Motion for Clarification and Review of Case Pursuant to FRCP 15(a)(b)(c)(d) [sic]" (filed January 9, 2006) (doc. # 19). Pursuant to the Order of Reference dated October 27, 2005 (doc. # 3) and the memoranda dated December 22, 2005 (doc. # 15), January 5, 2006 (doc. # 18), and January 10, 2006 (doc. # 20), these matters were referred to the Magistrate Judge.

1.    Background

    Jackson is proceeding *pro se* in this civil action. On October 14, 2005, Jackson

filed his "Emergency Petition to Review Unconstitutional State Rulings Colorado Arapahoe District Courts Case Number 2001DR002767 October 14, 2005 Minute and Denver District Court Case Number 86DR004718 October 8, 1987 Decree of Dissolution of Marriage and Review of connecting Colorado Court of Appeals Ruling [sic]" (Petition") (doc. # 1).  Jackson alleges that various state court orders regarding his dissolution of marriage have violated his constitutional rights.

On November 30, 2005, the court issued an Order to Show Cause, directing Jackson to show cause in writing on or before December 23, 2005 why his Petition should not be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to hear appeals from final judgments of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983).  *See also Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (under the *Rooker-Feldman* doctrine, a party who loses in state court is barred 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights");  *Guttman v. Khalsa*, 401 F.3d 1170, 1173 n. 2 (10th Cir.) ("*Rooker-Feldman* is a matter of federal law and operates as a subject-matter jurisdictional bar that may be raised at any time"), *judgment vacated on other grounds*, 126 S.Ct. 321 (2005).  A court must dismiss an action whenever it appears that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

2.	Jackson's Motions for Clarification

On December 14, 2005, Jackson requested a 60-day extension of time to respond to the court's November 30, 2005 Order to Show Cause. (*See* doc. # 5). On December 16, 2005, the court granted Jackson an extension of time to February 21, 2005 to respond to the court's Order to Show Cause. (*See* doc. # 8). On December 21, 2005, Jackson filed a second request and an amended request for a 60-day extension of time to respond to the court's Order to Show Cause. (*See* docs. # 9 and # 10). On December 13, 2005, the court denied Jackson's second request and amended request as moot in light of the February 21, 2006 deadline set by the court in its December 16, 2005 Minute Order. (*See* doc. # 13). On December 23, 2005, Jackson filed his "Show of Cause" in response to the court's November 30, 2005 Order to Show Cause, arguing that the Petition should not be dismissed for lack of subject matter jurisdiction. (*See* doc. # 16). On January 4, 2006, Jackson filed his Motion for Clarification, seeking additional time to respond to the November 30, 2005 Order to Show Cause because his December 23, 2005 response was "incomplete." (*See* doc. # 17 at p. 2). On January 9, 2006, Jackson filed his second Motion for Clarification and request for additional time. The court will permit Jackson an extension of time up to February 21, 2006 to file a supplement to his previous response to the court's November 30, 2005 Order to Show Cause.

3.	Jackson's Motion to Recuse

Jackson seeks to recuse "all Magistrate Judges and all previous Justice, Judge pursuant to title 28 § 455 and FRCP Rule 73 . . ." apparently because their "impartiality might reasonably [be] question[ed]." (*See* doc. # 14 at pp. 1, 2). Jackson does not specify what judges he seeks to recuse. Jackson cites Title 28 U.S.C. § 455 in seeking recusal. Jackson does not specify what subsection of § 455 he is invoking. The court will therefore examine the possible avenues for seeking recusal under § 455.

Section 455(a) provides that:

> [a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted); *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir. 1979). The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993. In applying the objective test, the initial inquiry is whether a reasonable <u>factual</u> basis exists for calling the judge's impartiality into question. *Cooley*, 1 F.3d at 993 (citations omitted) (emphasis in original). Under § 455, factual allegations do not have to be taken as true. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Nor is the judge limited to those facts presented by the challenging party.

Application of § 455(a) necessarily includes emphasis on whether a judge's

impartiality might "reasonably" be questioned.  Recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986).  Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial.  *Cooley*, 1 F.3d at 993 (quoting H. Rep. No. 1453, 93d Cong., 2d Sess. 1 (1974), *reprinted in* 1974 U.S. Code Cong. & Admin. News 6351, 6355).  The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.  *Nichols*, 71 F.3d at 351;  *Cooley*, 1 F.3d at 993 (citations omitted).

The Tenth Circuit has identified various matters that will not ordinarily satisfy the requirements for disqualification under § 455(a).  *Cooley*, 1 F.3d at 993-94.  "[T]he mere fact that a judge has previously expressed an opinion on a point of law" does not require recusal.  *Id.*  "[P]rior rulings in the proceeding, or another proceeding, solely because they were adverse" does not require recusal.  *Id.*  "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Other than his request to recuse "all Magistrate Judges and all previous Justice, Judge [sic]," Jackson alleges no specific grounds on which the impartiality of any judge assigned to this civil action might reasonably be questioned.  Jackson's allegations do not establish a reasonable factual basis for disqualification under § 455(a).

Section 455(b) provides:

(b) He shall also disqualify himself in the following circumstances:

>     (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
>     (2)  Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
>     (3)  Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
>     (4)  He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
>     (5)  He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>        (i)  Is a party to the proceeding, or an officer, director, or trustee of a party;
>        (ii)  Is acting as a lawyer in the proceeding;
>        (iii)  Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>        (iv)  Is to the judge's knowledge likely to be a material witness in the proceeding.

"[Section] 455(b) is stricter than § 455(a) and is concerned with situations that may involve actual bias rather than § 455(a)'s concern with the public perception of the judicial process." *Harris v. Champion*, 15 F.3d 1538, 1571 (10th Cir. 1994) (internal quotation marks and citation omitted).

Jackson's allegations do not appear to invoke § 455(b). Nor do Jackson's allegations rise to the level of any actual bias. Thus, recusal is not proper under § 455(b).

Accordingly, IT IS ORDERED that:

1. Jackson's "Motion for Clarification and Review of Case Pursuant to FRCP 15(a)(b)(c)(d) [sic]" (filed January 4, 2006) **(doc. # 17)** and Jackson's "Motion for Clarification and Review of Case Pursuant to FRCP 15(a)(b)(c)(d) [sic]" (filed January 9, 2006) **(doc. # 19)** are GRANTED as follows:

    a. **On or before February 21, 2006 Jackson may file a supplement to his previous response (doc. # 16) to the court's November 30, 2005 Order to Show Cause (doc. # 4).**

    b. **Jackson is hereby advised that no further extensions of time will be granted for him to respond to the court's November 30, 2005 Order to Show Cause and that failure to respond to this Order to Show Cause on or before February 21, 2006 may result in dismissal of the Petition without further notice.**

2. Jackson's "Motion to recuse all Magistrate Judges and all previous Justice, Judge pursuant to title 28 § 455 and FRCP Rule 73 and heard before district judge 'only' and Motion for Summary Judgment pursuant to FRCP Rule 56(a)(d) [sic]" (filed December 21, 2006) **(doc. # 14)** is DENIED.

3. Because the Order to Show Cause raises the issue of subject matter jurisdiction over this civil action, the court will not address any further motions filed by Jackson until after the court has received Jackson's supplement to his response to the court's November 30, 2005 Order to Show Cause and the District Judge has made a final decision regarding subject matter jurisdiction.

DATED at Denver, Colorado, this 11th day of January, 2006.

BY THE COURT:

  s/Craig B. Shaffer
United States Magistrate Judge