IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02033-WYD-CBS

DAVID JACKSON,
    Plaintiff,
v.

VERA JACKSON,
    Defendant.
_____

AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE[1]
_____

Magistrate Judge Craig B. Shaffer

    Pursuant to the Order of Reference dated October 27, 2005 (doc. # 3), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other non-dispositive motions . . . and submit proposed findings of fact and recommendations for rulings on dispositive motions." This civil action comes before the court on the court's November 30, 2005 Order to Show Cause and Jackson's responses.

I.    Statement of the Case

    Jackson is proceeding *pro se* in this civil action. On October 14, 2005, Jackson commenced this civil action by filing his "Emergency Petition to Review Unconstitutional State Rulings Colorado Arapahoe District Courts Case Number 2001DR002767 October 14, 2005 Minute and Denver District Court Case Number 86DR004718 October 8, 1987 Decree of Dissolution of Marriage and Review of

1

Connecting Colorado Court of Appeals Ruling" (doc. # 1).  Jackson alleges that various state court orders regarding his dissolution of marriage have violated his constitutional rights.  Jackson requests "a setting aside of the Denver Decree of Dissolution of marriage," that "Mrs. Jackson post an Indemnify [sic] Bond in the amount of $350,000.00 to be used by Mr. Jackson for loss and damage suffered by way of judgment entered in her favor," and "an emergency review of Colorado Arapahoe District case 2001DR002767 October 14, 2004 ruling . . . ."  (Petition at p. 22). Jackson alleges that this court has jurisdiction over this civil action pursuant to "Title 28 FRCP Rule 12(b)(1)(2)(3) and (4), Title 28 FRCP 60(b)(1)(2)(3) and (5), . . . Title 28 § 1257(a),  § 1332, § 2283 Rights Statues 42 U.S.C. A. § 1981(a)(c), § 1983, § 1984, § 1985, § 1986 and Title 18 U.S.C.A. §§ 241 242 and The Public Health an Welfare Title - 42 Chapter - 21 subsection Chapter 1 Sec. 1985 Conspiracy to interfere with civil rights (2), (3) Depriving person of rights or privileges and USC Title 42 - Chapter 21 Subchapter 1 Sec. 1981 Equal rights under the law (a)(c) [sic]."  (Petition at p. 2).

On November 30, 2005, the court issued an Order to Show Cause directing Jackson to show cause in writing on or before December 23, 2005 why his Petition should not be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.  On December 14, 2005, Jackson requested a 60-day extension of time to respond to the court's November 30, 2005 Order to Show Cause.  (*See* doc. # 5).  On December 16, 2005, the court granted Jackson an extension of time to February 21, 2005 to respond to the court's Order to Show Cause.  (*See* doc. # 8).

On  December 21, 2005, Jackson filed a second request and an amended

request for a 60-day extension of time to respond to the court's Order to Show Cause. (*See* docs. # 9 and # 10).  On December 13, 2005, the court denied Jackson's second request and amended request as moot in light of the February 21, 2006 deadline set by the court in its December 16, 2005 Minute Order.  (*See* doc. # 13).  On December 23, 2005, Jackson filed his "Show of Cause" in response to the court's November 30, 2005 Order to Show Cause, arguing that the Petition should not be dismissed for lack of subject matter jurisdiction.  (*See* doc. # 16).

On January 4, 2006, Jackson filed his Motion for Clarification, seeking additional time to respond to the November 30, 2005 Order to Show Cause because his December 23, 2005 response was "incomplete."  (*See* doc. # 17 at p. 2).  On January 9, 2006, Jackson filed his second Motion for Clarification and request for additional time.  On January 11, 2006, the court gave Jackson an extension of time up to February 21, 2006 to file a supplement to his previous response to the court's November 30, 2005 Order to Show Cause.  (*See* doc. # 21).  The court advised Jackson that no further extensions of time would be granted for him to respond to the court's November 30, 2005 Order to Show Cause and that failure to respond to the Order to Show Cause on or before February 21, 2006 may result in dismissal of the Petition without further notice.

On February 6, 2006, Jackson filed a Notice of Appeal, appealing the court's January 11, 2006 Order denying Jackson's motion for recusal and denying in part his motions for clarification.  Ordinarily, "[f]iling a timely notice of appeal pursuant to Fed. R. App. P. 3 transfers the matter from the district court to the court of appeals." *Garcia*

*v. Burlington Northern R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (citations omitted). "The district court is thus divested of jurisdiction" and "[a]ny subsequent action by it" on an "integral part of the merits decision" is "null and void." *Garcia*, 818 F.2d at 721 (citations omitted).

On February 17, 2006, the district court file-stamped Jackson's 9-page "Supplement; Petitioner's Show of Cause Reply to Magistrate's January 11, 2006 Order," accompanied by an additional copy of the supplement, two copies of Jackson's Motion and Affidavit to Proceed on Appeal pursuant to 28 U.S.C. § 1915, two copies of "pro se docketing statement," two copies of a Notice of Appeal, and copies of several court orders (no doc. #). On February 22, 2006, Jackson filed a 9-page "Supplement Petitioner's Show of Cause Reply to Magistrate's January 11, 2006 Order" (doc. # 28). On February 24, 2006, Jackson filed a 1-page "Supplement Petitioner's Show of Cause Reply to Magistrate's January 11, 2006 Order," accompanied by a copy of Jackson's Motion and Affidavit to Proceed on Appeal pursuant to 28 U.S.C. § 1915 and approximately 58 pages of attachments (doc. # 32).

On March 15, 2006, the Tenth Circuit Court of Appeals dismissed Jackson's appeal. (*See* doc. # 37). The court has now reviewed Jackson's response (filed December 23, 2005) (doc. # 16), Jackson's supplements (file-stamped February 17, 2006 (no doc. #), filed February 22, 2006 (doc. # 28), and filed February 24, 2006 (doc. # 32)), the entire case file, and the applicable law and is sufficiently advised in the premises.

II.     Subject Matter Jurisdiction

"The *Rooker-Feldman* doctrine is the product of two Supreme Court cases interpreting 28 U.S.C. § 1257(a)." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004). "This doctrine is based upon an inference that follows from 28 U.S.C. § 1257(a) which provides that ⟨f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari.' " *Guttman v. Khalsa*, 401 F.3d 1170, 1173 (10th Cir.), *judgment vacated on other grounds*, 126 S.Ct. 321 (2005). "In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923), the Supreme Court held that lower federal courts may not hear claims actually decided by a state court." *Crutchfield*, 389 F.3d at 1147. "Sixty years later in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983), the Court extended the holding of *Rooker* to claims that are ⟨inextricably intertwined' with a state court judgment." *Crutchfield*, 389 F.3d at 1147. *See also Guttman*, 401 F.3d at 1173 ("Under the doctrine that has arisen from two Supreme Court cases, . . . a federal district court does not have subject matter jurisdiction to hear appeals from final judgments of state courts").

Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to hear appeals from final judgments of state courts. *See Rooker*, 263 U.S. at 415-416 and *Feldman*, 460 U.S. at 483 n. 16. The United States Supreme Court recently stated that the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 125 S. Ct. 1517, 1521-22 (2005). *See also Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1169 (10th Cir.1998) (under the *Rooker-Feldman* doctrine, a party who loses in state court is barred "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"); *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (same) (citing *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416).

"*Rooker-Feldman* is a matter of federal law and operates as a subject-matter jurisdictional bar that may be raised at any time." *Guttman v. Khalsa*, 401 F.3d at 1173 n. 2. *See also Kenmen Engineering v. City of Union*, 314 F.3d 468, 479 (10th Cir. 2002) ("The *Rooker-Feldman* doctrine is a *jurisdictional* prohibition") (emphasis in original). "[I]n the Tenth Circuit, *Rooker-Feldman* applies to *all* state-court judgments, including those of intermediate state courts." *Kenmen*, 314 F.3d at 473. The *Rooker-Feldman* prohibition on federal courts sitting "in direct review of state court decisions . . . extends to all state-court decisions - - final or otherwise." *Kenmen*, 314 F.3d at 475.

III.    Analysis

"[W]hen determining whether the federal plaintiff asserts a legal injury by . . . a state-court judgment, we must look to the relief sought, not simply to the issues raised." *Guttman*, 401 F.3d at 1174 (citations omitted). *See also Crutchfield*, 389 F.3d at 1148 (noting that although "a litigant may be able to make a federal claim appear unrelated

6

to a state court judgment through artful pleading, the requested relief can quickly reveal whether *Rooker-Feldman* applies").

In his Petition, Jackson asks the federal district court to review and bar enforcement of orders issued by Colorado state courts.  (*See, e.g.,* Petition at p. 22). Jackson argues that "the Denver District Court did not have the power to enter a decree of dissolution of marriage," and seeks "an emergency review of Colorado Arapahoe District case 2001 DR002767 October 14, 2004 ruling." (Petition at pp. 18, 22).  Jackson alleges that state court judgments are "nullities," that the decree of dissolution of marriage was "illegal" and/or "does not exist," that the state court proceedings were illegal, and that the state courts acted without legal authority.  (*See, e.g.,* Petition at p. 18;  Jackson's "Motion to Recuse . . ." (filed December 21, 2005) (doc. # 14) at pp. 7, 9, 14; Jackson's "Show of Cause" (filed December 23, 2005) (doc. # 16) at pp. 3, 5, 6, 7, 9, 13, 15, 17, 18, ;  Jackson's "Motion for Clarification . . ." (doc. # 19) at pp. 7, 8, 10, 11;  Jackson's "Notice of Appeal" (filed February 6, 2006) (doc. # 22) at pp. 2, 5, 7, 11, 12;   Jackson's "Supplement Petitioner's Show of Cause Reply to Magistrate's January 11, 2006 Order" (filed February 22, 2006) (doc. # 28) at pp. 3-5, 7).  Jackson alleges, *inter alia*, that the Colorado courts did not have jurisdiction over the subject matter of the dissolution of marriage and that the Colorado courts did not have proper jurisdiction over him based on his domicile and the Soldiers and Sailors Civil Relief Act, 50 U.S.C. § 501 *et seq.*  (*See, e.g.,* Jackson's "Motion for Clarification . . ." (doc. # 19) at pp. 5, Jackson's "Show of Cause" (doc. # 16) at pp. 5, 10, 11, 18; Jackson's "Notice of Appeal" (doc. # 22) at pp. 4, 5, 6, 9, 15;  Jackson's "Supplement

Petitioner's Show of Cause Reply to Magistrate's January 11, 2006 Order" (filed February 22, 2006) (doc. # 28) at pp. 4-5).

By this action, Jackson seeks to overturn orders regarding dissolution of marriage and child custody issued by Colorado courts. Jackson claims that his federal rights have been violated by the state judgments themselves and seeks review and rejection of those judgments. The *Rooker-Feldman* doctrine precludes a United States district court from exercising subject matter jurisdiction in an action where it is "called upon . . . to overturn an injurious state-court judgment." *Exxon Mobil Corp.*, 125 S. Ct. at 1526. Jackson is "asking a federal court to do precisely what *Rooker-Feldman* prohibits: to undo the effect of the state court judgment." *Crutchfield*, 389 F.3d at 1148. Jackson's Petition constitutes a "particularized challenge to an adjudication against him in state court, clearly barred under *Rooker-Feldman*." *Kenmen*, 314 F.3d at 477 (internal quotation marks and citation omitted).

A.   Exceptions to the *Rooker-Feldman* Doctrine

Courts have recognized an exception to the *Rooker-Feldman* doctrine where the plaintiff did not have a full and fair opportunity to litigate his claim in the prior state-court proceeding. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1110 (10th Cir. 2000). However, that exception has been limited to those situations where the federal plaintiff was not a party to the state court proceeding. *Kenmen*, 314 F.3d at 478 n. 9. Jackson was a party to the state-court proceedings he is challenging here.

Further, "[t]here is an exception to the *Rooker-Feldman* doctrine for general

constitutional challenges to state laws." *Crutchfield*, 389 F.3d at 1149.  General constitutional challenges to state laws "do not necessarily require a United States district court to review a final state-court judgment in a judicial proceeding." *Feldman*, 460 U.S. at 486.  "United States district courts, therefore, have subject-matter jurisdiction over general challenges" to state laws.  *Feldman*, 460 U.S. at 486.  United States district courts "do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's actions was unconstitutional." *Feldman*, 460 U.S. at 486.  Because Jackson has not raised "a constitutional challenge to a general law or procedure," this exception to *Rooker-Feldman* does not apply.  *Crutchfield*, 389 F.3d at 1149.

B.    Domestic Relations Exception to Federal Jurisdiction

The United States Supreme Court has ruled that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)).  "This application is consistent with *Barber's* directive to limit federal courts' exercise of diversity jurisdiction over suits for divorce and alimony decrees." *Ankenbrandt*, 504 U.S. at 703 (citing *Barber v. Barber*, 62 U.S. 582, 584 (1858)).  "We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees."

*Ankenbrandt*, 504 U.S. at 703.  For this reason also, this court lacks subject matter jurisdiction over Jackson's Petition.

Accordingly,

IT IS RECOMMENDED that this civil action be DISMISSED with prejudice for lack of subject matter jurisdiction.


**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court

or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States,* 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 21st day of March, 2006.

BY THE COURT:

*s/Craig B. Shaffer*

11

                                      United States Magistrate Judge

1.      The amendment is solely to correct some minor typographical errors in the original Recommendation.