IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02033-WYD-CBS

DAVID JACKSON,

    Plaintiff,

v.

VERA JACKSON,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

This matter is before the Court on Plaintiff's pro se "Emergency Petition to Review Unconstitutional State Rulings Colorado Arapahoe District Courts Case Number 2001DR002767 October 14, 2005 Minute and Denver District Court Number 86DR004718 October 8, 1987 Decree of Dissolution of Marriage and Review of connecting Colorado Court of Appeals Ruling [sic]" [hereinafter "Petition"] filed October 14, 2005.  The Petition alleges that various state orders regarding Plaintiff's dissolution of marriage violated his constitutional rights.  A general Order of Reference referring the case to Magistrate Judge Shaffer was issued October 27, 2005.

An Order to Show Cause was filed by Magistrate Judge Shaffer on November 30, 2005, asking Plaintiff to show cause why the case should not be dismissed for lack

of subject matter jurisdiction. A response was filed by Plaintiff on December 23, 2005, and supplements to the response were filed in February, 2006.

On March 20, 2006, a Recommendation of United States Magistrate Judge was issued, and an Amended Recommendation was issued March 21, 2006. The Recommendations are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Magistrate Judge Shaffer recommends therein that this case be dismissed for lack of subject matter jurisdiction.

More specifically, Magistrate Judge Shaffer finds that this case is barred by the *Rooker-Feldman* doctrine, which precludes a United States district court from exercising subject matter jurisdiction in an action where it is "called upon . . . to overturn an injurious state-court judgment." *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 125 S. Ct. 1517, 1521-22 (2005). *See* Recommendation at 8. The Recommendation also finds that no exceptions apply to the *Rooker-Feldman* doctrine. *Id.* at 8-9. Finally, Magistrate Judge Shaffer finds that the court lacks subject matter jurisdiction over Plaintiff's Petition because of the domestic relations exception which divests the federal courts of power to issue divorce, alimony, and child custody decrees. *Id.* at 9-10 (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). Accordingly, it is recommended that this case be dismissed with prejudice for lack of jurisdiction.

On March 30, 2006, Plaintiff filed a timely Objection, which pleading is actually entitled "Notice of Appeal to District Court Judge Pursuant to Title 28 U.S.C.A. § 636(c)(4) and Cir. R. 73(d)." Plaintiff's objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which

objection is made since the nature of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff argues that this case involves discrimination in that the laws were not applied equally.  Plaintiff asserts, among other things, that his civil rights were violated by the state court since it issued orders without having jurisdiction over him, failed to appoint an attorney before issuing a default restraining order, failed to require the mandatory statement of affidavit of his military status in connection with the default, and failed to enter or issue a judgment as to the decree of dissolution of marriage.

Plaintiff cites *Rose v. Rose*, 481 U.S. 619 (1987) as support for his argument that this court has jurisdiction over his claims.  *Rose* recognized the general rule relied on by Magistrate Judge Shaffer that "'[t]he whole subject of the domestic relations of husband and wife . . . belongs to the laws of the States and not to the laws of the United States.'"  *Id.* at 625 (quoting *In Re Burrus*, 136 U.S. 586, 593-94 (1890)).  However, the Supreme Court indicated that "'[o]n the rare occasion when state family law has come into conflict with a federal statute, this Court has limited review under the Supremacy Clause to a determination" whether Congress required by "direct enactment" that state law be preempted.  *Id.*

In the case at hand, the Petition filed by Plaintiff does not asserted any claim that would give rise to the preemption doctrine discussed in *Rose,* nor do his claims implicate the Supremacy Clause.   Instead, his Petition relates to domestic relations between a husband and wife that are the subject of state, not federal law.  Further, Plaintiff's objections do not address the *Rooker-Feldman* doctrine or show why that

doctrine is inapplicable to Plaintiff's Petition.  Finally, I have reviewed the objections in their entirety and find no merit to any other arguments therein.  I agree with Magistrate Judge Shaffer that this Court does not have subject matter jurisdiction over this case, and that Plaintiff's action must be dismissed.  Accordingly, the Recommendations are affirmed and adopted.

Plaintiff also objects to the fact that his summary judgment motion was not ruled on.  However, since this Court does not have subject matter jurisdiction the case, it has no jurisdiction to rule on or grant Plaintiff's motion.  Accordingly, Plaintiff's motion for summary judgment filed March 23, 2006, is denied as moot.

Finally, Plaintiff filed three (3) motions for extension of time to file objections to Orders of Magistrate Judge Shaffer issued March 27, 2006, and April 13, 2006.  Since I am dismissing this case for lack of subject matter jurisdiction, the underlying motions at issue in the Order are moot.  Accordingly, the motions for extension of time (docket # 45, 49 and 50) are also denied as moot.

Based upon the foregoing, it is

ORDERED that the Recommendation and Amended Recommendation of United States Magistrate Judge (docket # 38 and 39) are **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that this case is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment filed March 23, 2006 (docket # 40) is **DENIED AS MOOT**.  It is

FURTHER ORDERED that Plaintiff's motions for extension of time filed April 10, 2006 (docket # 45) and April 21, 2006 (docket # 49 and 50) are **DENIED AS MOOT**.

Dated: May 18, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge